```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JAMIE SEGREE,                    )
     Petitioner,                 )
                                 )
     v.                          )
                                 )    C.A. No. 12-11601-DPW
ATTORNEY GENERAL ERIC HOLDER,    )
et al.                           )
     Respondents.                )
                                 )
```

## ORDER OF TRANSFER
August 29, 2012

On August 28, 2012, Jamie Segree, an immigration detainee currently confined at the Etowah County Detention Center in Gadsden, Alabama, filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus and paid the $5.00 filing fee.

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought by a petitioner who is within the court's jurisdiction at the time the petition is filed.  See 28 U.S.C. § 2241(a); <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  Because Mr. Segree is confined within the Northern District of Alabama at the time he filed his petition, this Court is without jurisdiction to entertain the petition.

Under 28 U.S.C. § 1404(a) "in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought." 28 U.S.C. § 1404(a). I find that it is in the interest of justice to transfer the action to the district of the petitioner's confinement.

Accordingly, the Clerk shall transfer this action to the United States District Court for the Northern District of Alabama. This case shall then be closed on the docket of this Court.

SO ORDERED.

    /s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE